[No. 16385.  Department Two.  September 8, 1921.]

ALICE M. WELKER, *Respondent*, v. FRANK A. WALLACE, *Appellant*.[1]

BREACH OF MARRIAGE PROMISE (3)—ACTION FOR BREACH—DEFENSES —DISEASE AS JUSTIFICATION FOR BREACH. In an action for breach of promise of marriage, justification on the ground of defendant's being afflicted with tuberculosis was not established by testimony that he had gone to Arizona on that account, in the absence of any showing that, at the time of the alleged breach of promise, he was afflicted with pulmonary tuberculosis in its advanced stages.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered May 13, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action for breach of promise. Affirmed.

[1]Reported in 200 Pac. 561.

*Sharpstein, Smith & Sharpstein,* for appellant.

*E. L. Casey,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this action to recover damages for the breach of an alleged promise of marriage, and for the recovery of the purchase price of certain personal property. Appellant, as defendant, answered the first cause of action by general denials only, and the second cause of action by denials in part and an admission that there was due to plaintiff $67 as the unpaid purchase price for certain personal property, which amount, with costs then accrued, was tendered. Trial was had to a jury, which rendered a verdict against the defendant for $5,000 on the first cause of action, and $152 on the second cause of action. From a judgment on the verdict, the defendant appeals.

The principal contention here is that a new trial should have been granted because the verdict was contrary to the evidence and the law, in that there was testimony in the case, received without objection, to the effect that appellant was afflicted with tuberculosis, and that he was therefore justified in refusing to perform his engagement to marry, if, in fact, he had entered into any such engagement. Incidentally, certain instructions given are criticized because they do not submit this issue to the jury.

While ordinarily such a defense should be specifically pleaded, yet, assuming that this is a proper case in which to apply the rule that the pleadings should be considered amended to conform to the proof received without objection, still we fail to find anything in the record to indicate that such a defense was actually tendered in the trial court; or that the evidence upon that subject was sufficiently definite or complete to warrant the court in instructing thereon (if such in-

structions had been requested), or the jury in considering such evidence for any purpose. The only testimony upon the subject that is pointed out by counsel for either party, or which we are able to find in the statement of facts, is as follows: Appellant, being called as a witness in his own behalf, was, by way of introduction, asked as to his place of residence and occupation, and,

"Q. Where did you live before that? A. I lived in Michigan. . . . Q. Where to? A. Arizona. Q. Why? A. Tuberculosis. Q. Then you came from there to Umatilla county, did you? A. I came from there."

This was the only evidence offered by the appellant on this subject, and clearly, if the respondent's counsel had not added thereto by cross-examination, it would have been wholly insufficient to indicate that appellant had ever been afflicted with tuberculosis. On cross-examination the following only with reference to tuberculosis was brought out:

"Q. You went to Arizona on account of tuberculosis? A. Yes, sir. Q. You are not afflicted with that now, are you? A. The doctor gave me a week to live after I got there. Q. You didn't die, did you? A. I don't think so."

And while from this the jury might have drawn the inference that appellant was at one time afflicted with this disease, it can hardly be contended that all of this testimony, viewed in the light most favorable to appellant, would support a finding that, at the time of the alleged breach of promise to marry, appellant was "afflicted with pulmonary tuberculosis in its advanced stages", so as to be forbidden to marry by the statute, Rem. Code, § 7152 (P. C. § 3723), or that he was then afflicted with any disease in any stage which would render marriage improper or inadvisable.

The only other reference to tuberculosis which we find consists of respondent's statement that appellant never said anything about tuberculosis to her, and though it does appear that appellant underwent an operation during the time the engagement to marry was claimed to be in existence, yet there is nothing shown as to the nature of the operation or the reason why it was deemed necessary, and the jury could not properly be permitted to speculate upon the subject.

It is not contended that the evidence was insufficient to go to the jury upon the questions of the promise and the breach, and since, as we have seen, there was no sufficient evidence of justification, there is no ground upon which we can interfere.

Judgment affirmed.

PARKER, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.